Yongmoon Kim, Esq.
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CASSANDRA A. VALENTINE, *on behalf of herself and those similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>UNIFUND CCR, LLC;<br>DISTRESSED ASSET PORTFOLIO III, LLC;<br>and JOHN DOES 1 to 10,<br><br>Defendants. | **CLASS ACTION COMPLAINT** |

Plaintiff, Cassandra A. Valentine, by way of Class Action Complaint against Defendants Unifund CCR, LLC, and Distressed Asset Portfolio III, LLC (and John Does 1 to 10) states:

## I.   NATURE OF THE ACTION

1. This class action for statutory damages arises from the Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. As described more fully below, Defendants violated the FDCPA against Plaintiff and other New Jersey consumers by, *inter alia*, by attempting to collect consumer debts without a license to do so under the New Jersey Consumer Finance Licensing Act, N.J. Stat. Ann. § 17:11C-3, thereby misrepresenting the amount of the debt and attempting to collect amounts not permitted by law.

## II.   JURISDICTION AND VENUE

3.  This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

4.  Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.   PARTIES

5.  Plaintiff Cassandra A. Valentine ("Plaintiff" or "Valentine") is a natural person residing in Essex County, New Jersey.

6.  Defendant Unifund CCR, LLC ("Unifund") is a foreign corporation with its principal place of business located at 10625 Techwoods Circle, Cincinnati, Ohio 45242.

7.  Defendant Distressed Asset Portfolio III, LLC ("DAP III") is a foreign corporation with its principal place of business located at 10625 Techwoods Circle, Cincinnati, Ohio 4524.

8.  The Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

9.  In this pleading, "Defendants" in the plural refers to all Defendants.

## IV.   FACTS

### A. Background

10. Defendants are not in the business of extending credit, selling goods or services to consumers.

11. Defendants regularly collect or attempt to collect past-due and defaulted debts of natural persons allegedly owed to others which were incurred primarily for personal, family or household purposes.

12. The principal purpose of Defendants is the collection of debts.

13. When attempting to collect debts, Defendants use the mails, telephone, the internet and other instruments of interstate commerce.

14. Defendants have asserted that Plaintiff incurred or owed one or more financial obligation originating and which arose from one or more transaction which were primarily for the Plaintiff's personal, family, or household purposes. ("Debt" or "Account").

15. The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

16. The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

17. Defendants contend that the Account was past-due and in default.

18. Defendants are debt collectors.

19. The Account was allegedly assigned to Defendants for collecting the Debt.

20. The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

### B. Violations of the Fair Debt Collection Practices Act

21. After allegedly purchasing the past-due and defaulted Account for pennies on the dollar, DAP III, either directly or through intermediate transactions, assigned, placed, or transferred the Account with Unifund for collection.

22. The Account was assigned to Unifund to collect the Debt.

23. The Account was past-due and in default when it was placed with or assigned to Unifund for collection.

24. At all times relevant hereto, Unifund acted on behalf of DAP III in an attempt to collect the Debt.

25. At all times relevant hereto, the acts and omissions of Unifund were incidental to or taken within the scope of the responsibilities given and authorized by DAP III.

26. To collect the Debt allegedly owed by Plaintiff, Defendants mailed a collection letter to Plaintiff on April 23, 2019 ("Unifund Letter"). A true but redacted copy of the collection letter is attached as ***Exhibit A***.

27. Upon information and belief, the Unifund Letter was the initial written communication from Defendants to Plaintiff concerning the Account.

28. Plaintiff received and reviewed the Unifund Letter.

29. The Unifund Letter states that the current creditor is DAP III.

30. However, DAP III is not licensed by the New Jersey Department of Banking and Insurance under the New Jersey Consumer Finance Licensing Act ("NJCFLA") or any other State consumer lending statute.

31. During all times relevant to this action, DAP III was not licensed as a "sales finance company" or a "consumer lender" pursuant to the NJCFLA.

32. "Any person directly or indirectly engaging . . . in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less, shall be deemed to be engaging in the consumer loan business."

33. By purchasing and taking assignment of the accounts, DAP III acted as a "sales finance company" as defined at N.J. Stat. Ann. § 17:16C-1(f).

34. "No person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act."

35. DAP III is not permitted to engage in the "consumer loan business" or as a "sales finance company" since they did not first obtain a license pursuant to the NJCFLA.

36. Accordingly, "attempt[s] to collect Plaintiff's alleged debt on behalf of Defendants, who were not licensed as a consumer lender under the NJCFLA, constitutes prohibited conduct under the NJCFLA."

37. Therefore, the Unifund Letter deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, information in connection with Defendants' attempt to collect a debt.

38. Furthermore, the Unifund Letter was mailed in a window envelope.

39. Being sent in a window envelope, "Unifund CCR" was visible through the window of the envelope.

40. Defendants could have easily taken measures to prevent "Unifund CCR" from being visible through the window envelopes but chose not to do so.

41. Defendants have intentionally disclosed to the public that Unifund CCR was sending the letter.

42.     The FDCPA prohibits a debt collector from "[u]sing **any language or symbol**, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."[1]

43.     Defendants have violated section 1692f(8) of the FDCPA by revealing "Unifund CCR" who are known debt collectors, which indicates that they are in the debt collection business.

44.     Defendants used the same procedures that they employed in sending the Unifund Letter to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

45.     Therefore, Defendants engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 169e(5), 1692e(10), 1692f, 1692f(8), 1692g, 1692g(a)(1), and 1692g(a)(2).

### V.     CLASS ACTION ALLEGATIONS

46.     This action is brought and may properly proceed as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Plaintiff brings this action on behalf of herself and others similarly situated. Subject to discovery and further investigation which may cause Plaintiff to narrow, expand or otherwise modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

---

[1] 15 U.S.C. § 1692f(8) (emphasis added).

> **Class**: All natural persons with addresses in the State of New Jersey, to whom, beginning April 23, 2019, through the final resolution of this case, Unifund CCR, LLC, sent one or more letters in an attempt to collect a consumer debt on behalf of Distressed Asset Portfolio III, LLC.

47. Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the classes, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the collection letters.

48. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

49. The class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

50. There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

> A. Whether Defendants are debt collectors under the FDCPA;
>
> B. Whether Defendants violated the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(8), 1692g, 1692g(a)(1), and 1692g(a)(2); and
>
> C. Whether Plaintiff and the class are entitled to damages.

51. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action

will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

52. The claims of the Plaintiff are typical of the claims of the members of the class.

53. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

54. Plaintiff does not have interests antagonistic to those of the class.

55. The class, of which Plaintiff is a member, is readily identifiable.

56. Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

57. The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

58. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI. VIOLATIONS OF THE FDCPA

59. Plaintiff reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

60. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

61. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

62. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

63. Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

64. The collection letters are "communications" as defined by 15 U.S.C. § 1692a(2).

65. Defendants violated the FDCPA, including but not limited to, 15 U.S.C. § 1692e (including 15 U.S.C. §§ 1692e(2)(A), 1692e(5), 1692e(10)); 15 U.S.C. § 1692f (including 15 U.S.C. § 1692f(8)); and 15 U.S.C. § 1692g (including 15 U.S.C. §§ 1692g(a)(1) and 1692g(a)(2)).

66. The violations of the FDCPA described herein constitute *per se* violations.

67. Based on any one or more of those violations, Defendants are liable to Plaintiff for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Cassandra A. Valentine demands judgment against Defendants Unifund CCR, LLC and Distressed Asset Portfolio III, LLC as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the Class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1), including to the extent the recovery of attorney's fees and costs causes Plaintiff or the Class a negative tax consequence;

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

Dated: April 23, 2020

*s/Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff*