**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CASSANDRA A. VALENTINE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff(s)*,<br><br>v.<br><br>UNIFUND CCR, INC. and DISTRESSED ASSET PORTFOLIO III, LLC,<br><br>*Defendants*. | Civil Action No. 20-cv-5024<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

      This putative class action involves alleged violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* Presently before the Court is a motion to dismiss the Complaint filed by Defendants Unifund CCR, Inc. ("Unifund") and Distressed Asset Portfolio III, LLC ("DAP III"). D.E. 9. Plaintiff Cassandra A. Valentine filed a brief in opposition, D.E. 14, to which Defendants replied, D.E. 19. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED in part** and **DENIED in part**.

---

[1] Defendants' brief in support of their motion to dismiss (D.E. 10) will be referred to as "Defs. Br."; Plaintiff's opposition brief (D.E. 14) will be referred to as "Plf. Opp."; and Defendants' reply (D.E. 19) will be referred to as "Defs. Reply."

I.       BACKGROUND & PROCEDURAL HISTORY

Plaintiff allegedly incurred a financial obligation to Capital One and then defaulted.[2] Compl. ¶ 21, Ex. A; D.E. 1.  After the debt was in default, DAP III purchased Plaintiff's account and placed the account with Unifund for collection purposes.  *Id.* ¶¶ 21-23.  Defendants then mailed a debt collection letter (the "Letter") to Plaintiff on April 23, 2019.[3]  *Id.* ¶ 26.  When Plaintiff received the Letter, the name "Unifund CCR" and Unifund's address was visible through the glassine window envelope.  *Id.*, Ex. at 3.  In the Letter itself, Unifund states that it is currently servicing Plaintiff's account on behalf of DAP III.  *Id.*, Ex. A.

After receiving the Letter, Plaintiff filed this putative class action.  D.E. 1.  Plaintiff alleges that the Letter violates Sections 1692e, 1692f and 1692g of the FDCPA because (1) DAP III is not licensed by the New Jersey Department of Banking and Insurance ("DOBI") pursuant to the New Jersey Consumer Finance Licensing Act ("NJCLFA"), Compl. ¶¶ 30-37; and (2) Unifund's name was visible through the window envelope of the Letter, *id.* ¶¶ 38-45.  Defendants then filed the instant motion to dismiss arguing that the Complaint should be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).  D.E. 9.

---

[2] The factual background is taken from the Complaint and its attached exhibit.  D.E. 1.  When reviewing a Rule 12(b)(6) motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  Here, Plaintiff attached the debt collection letter at issue as an exhibit to the Complaint and also makes repeated references to the letter in the pleading.  Accordingly, the Court considers the exhibit in deciding this motion.

[3] To be clear, it appears that Unifund actually sent the Letter but Plaintiff alleges that, at all relevant times, Unifund acted on behalf of DAP III in its attempt to collect the debt.  Compl. ¶ 24.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual allegations to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

## III. ANALYSIS

The FDCPA "creates a private right of action against debt collectors who fail to comply with its provisions." *Grubb v. Green Tree Servicing, LLC*, No 13-07421, 2014 WL 3696126, at *4 (D.N.J. July 24, 2014). The FDCPA was enacted by Congress in 1977 with the purpose of eliminating "abusive, deceptive, and unfair debt collection practices" by debt collectors. 15 U.S.C. § 1692a. "As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148 (3d Cir. 2013), *overturned on other grounds by Riccio v. Sentry Credit, Inc.*, 954 F.3d 582 (3d Cir.

2020) (*en banc*). To that end, "[l]ender-debtor communications potentially giving rise to claims under the FDCPA should be analyzed from the perspective of the least sophisticated debtor." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006)). "[A]lthough this standard protects naive consumers, it also 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-55 (3d Cir. 2000) (quoting *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 136 (4th Cir. 1996)).

To succeed on an FDCPA claim, a plaintiff must demonstrate that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). In their motion, Defendants do not dispute that Plaintiff is consumer, that they are debt collectors, or that Defendants were attempting to collect a debt from Plaintiff. Thus, the critical issue is whether any part of the Letter or Defendants' conduct violated the FDCPA.

### A. Unifund's Letter

Defendants first contend that the Complaint should be dismissed to the extent that Plaintiff asserts claims under Section 1692f(8). Defs. Br. at 12-17. Section 1692f prohibits debt collectors from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. Section 1692f(8) provides that the following conduct is unfair or unconscionable:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, *except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.*

4

15 U.S.C. § 1692f(8) (emphasis added).  As discussed, the name "Unifund" and Unifund's address was visible through a glassine window in the return address area of the Letter.  Compl., Ex. A. Plaintiff alleges that this violates Section 1692f(8) because Unifund "are known debt collectors, which indicates that they are in the debt collection business." *Id.* ¶ 43.  In her opposition brief, Plaintiff appears to contend that Unifund is a known debt collector because someone could easily conduct a search on the Internet and learn that Unifund is a debt collector.  Plf. Opp. at 14-15.

Defendants argue that the Letter does not violate the plain language of § 1692f(8) because the name Unifund does not indicate that Unifund is in the debt collection business.  Defs. Br. at 12.  The Court agrees with Defendants.  As discussed, Section 1692f(8) explicitly permits a debt collector to use its business name "if such name does not indicate that he is in the debt collection business."  15 U.S.C. § 1692f(8).  Here, nothing in the name "Unifund" suggests that it is in the business of debt collecting.

As discussed, Plaintiff maintains that because a person may conduct an Internet search, that person could ascertain that Unifund is a debt collector.  Thus, Plaintiff asks the Court to look beyond Unifund's name to impose liability.  Plf. Opp. at 14-15.  Plaintiff provides no legal authority for her interpretation of the statute.  Defendants, however, identify two decisions from outside the Third Circuit that have rejected the same argument.  *See DeCraene v. Weber & Olcese, P.L.C.*, 300 F. Supp. 3d 978, 981-82 (W.D. Mich. 2018) ("Even if Plaintiff is correct that an internet search would yield information about [the law firm defendant's] debt collection work, this is not enough to show a violation of the statute" due to use of the "innocuous" law firm name on an envelope); *Davis v. MRS BPO, LLC*, No. 15-2303, 2015 WL 4326900, at *3 (N.D. Ill. July 15, 2015) ("Not only is Plaintiff's attempt to add a research element into the unsophisticated consumer calculus unsupported by any legal authority, the name and address of MRS BPO does not violate

5

§ 1692f(8) because the 'use of mails' language within § 1692f(8) allows for items necessary for an envelope to move through the mail, unless the debt collector's name clearly reflects the correspondence's purpose."); *see also Johnson v. I.C. Sys., Inc.*, No. 15-1574, 2016 WL 304545, at *2 (E.D. Mo. Jan. 25, 2016) (rejecting the plaintiff's arguments that the defendant's name was recognizable because it was one of the largest debt collection agencies in the country and that a google search would reveal the defendant as a debt collector because "they run counter to the language of § 1692f(8)"). The Court finds these cases persuasive. Simply stated, the plain language of the statute permits Unifund to use its name on the envelope because the name does not indicate that Unifund is in the debt collection business.

Moreover, if the Court adopted Plaintiff's interpretation, it would eviscerate the statutory exception that permits debt collectors to include their name on the envelope of a debt collection letter. Given the ubiquity of the Internet, under Plaintiff's interpretation of Section 1692f(8), any name would indicate that the entity is in the debt collection business after an Internet search. The Court will not construe the statutory language in a manner that fundamentally alters Section 1692f(8). Therefore, the Court concludes that the Letter does not violate Section 1692f(8) and Defendants' motion is granted on these grounds.

### B. Lack of License

Plaintiff also alleges that Defendants violated the FDCPA because DAP III is not licensed under the NJCLFA. Courts in this district have determined that a debt collector's failure to obtain a license pursuant to the NJCLFA may constitute a violation of the FDCPA. *See, e.g.*, *Tompkins v. Selip & Stylianou, LLP*, No. 18-12524, 2019 WL 522143, at *2 (D.N.J. Feb. 11, 2019) (collecting cases within the district holding that "a debt collector's failure to obtain a license

pursuant to the [NJCFLA] can constitute a violation of the FDCPA"). Defendants argue that DAP III is exempt from the NJCFLA's licensing requirements.

The NJCFLA provides that "[n]o person shall engage in business as a consumer lender or sales finance company without first obtaining a license or licenses under this act." N.J. Stat. Ann. § 17:11C-3. N.J. Stat. Ann. § 17:11C-6 provides an exception, however, stating that a depository institution, among other entities, "may conduct consumer loan business without obtaining a license under this act and without being subject to this act." N.J. Stat. Ann. § 17:11C-6. Here, Plaintiff's debt originated with Capital One. Compl., Ex. A. Defendants ask the Court to take judicial notice of the fact that Capital One is a depository institution and is therefore exempt from the NJCFLA's licensing requirements. Defs. Br. at 18. Defendants next argue that because of a recent regulatory change, DAP III is also exempt from the licensing requirements because it was a subsequent purchaser of the debt from an exempt entity. *Id.* at 19-20.

In 2019, the Office of the Comptroller of the Currency (the "OCC")[4] proposed certain changes to regulations that addressed gaps in Section 27 of the Federal Deposit Insurance Act. Section 27 addresses the maximum amount of interest that state-chartered insured depository institutions can charge customers. 12 U.S.C. § 1831d. Among other things, the changes clarify that the determination of whether interest on a loan is permissible under Section 27 occurs when the loan is made and is not affected by the sale, assignment, or transfer of the loan. *Permissible Interest on Loans That are Sold, Assigned, or Otherwise Transferred*, 85 Fed. Reg. 33530, 33531, 2020 WL 2836957 (June 2, 2020). The new rule was ultimately incorporated into 12 C.F.R. § 7.4001 as subsection (e). The subsection states as follows:

---

[4] "The OCC charters, regulates, and supervises all national banks, federal savings associations, and federal branches and agencies of foreign banks." *Who We Are*, Office of the Comptroller of the Currency, https://www.occ.treas.gov/about/who-we-are/index-who-we-are.html.

7

> (e) Transferred loans. Interest on a loan that is permissible under 12 U.S.C. [§] 85 shall not be affected by the sale, assignment, or other transfer of the loan.

12 C.F.R. § 7.4001(e).

Defendants maintain that the new rules "ensure that subsequent purchasers of paper from a national bank are afforded the same rights and privileges as the national bank when it comes to enforcing the collectability of the paper." Defs. Br. at 20. As a result, Defendants continue, the licensing exception applies to DAP III as the purchaser of the debt because Capital One does not need a license under the NJCFLA. *Id.* at 20-22. The Court disagrees.

The OCC's comments providing notice of the proposed regulatory change make clear that the rule change was intended to clarify that interest rates do not change upon an assignment. Defs. Br., Ex. A at 21-22. It does not appear, however, that the OCC intended to alter other aspects of an assignment through the rule change. Indeed, the OCC specifically stated that "the proposed rule would not address or affect the broader licensing or regulatory requirements that apply to banks and non-banks under applicable State law." *Id.* at 36; *see also Permissible Interest on Loans That are Sold, Assigned, or Otherwise Transferred*, 85 Fed. Reg. at 33535 (June 2, 2020) (rejecting request to change proposed language to "clarify that the rule does not affect the applicability of other state law requirements, including licensing requirements" as unnecessary because "the OCC reads the regulatory text to be consistent with these recommendations").

Further, the rules change codified the common law doctrine colloquially known as the "valid when made" rule. Under the doctrine, "if the interest rate in the original loan agreement was non-usurious, the loan cannot become usurious upon assignment—so, the assignee lawfully may charge interest at the original rate." *Kaur v. World Bus. Lenders, LLC*, 440 F. Supp. 3d 111, 121 (D. Mass. 2020). Moreover, the rules change was prompted by a Second Circuit decision,

8

*Madden v. Midland Funding, LLC*, 786 F.3d 246, 250-51 (2d Cir. 2015), in which the court refused to apply the doctrine in a federal preemption case. *Kaur*, 440 F. Supp. 3d at 121-22. *Madden* and the valid when made rule appear to apply to usury laws. Defendants fail to identify any cases that apply the doctrine or new regulations to licensing requirements. Thus, the Court finds that 12 C.F.R. § 7.4001(e) did not affect DAP III's licensing requirements in New Jersey.[5]

Defendants also argue that cases recognizing that a debt collector's lack of a license may constitute a violation of the FDCPA are no longer good law because of the regulatory change. Defs. Br. at 22-26. Because the Court finds that the rule change did not impact licensing requirements, the case law addressing a debt collector's lack of a license is not impacted by the regulatory change. In addition, Defendants contend that courts outside the District of New Jersey have determined that unlicensed debt collection is not a *per se* FDCPA violation. *Id.* at 26-27. Nevertheless, the Court finds the decisions from the District to be persuasive. Accordingly, the Court concludes that the NJCFLA licensing requirements apply to DAP III.

As discussed, under the NJCFLA, an entity that qualifies as a "consumer lender" or a "sales finance company" is required to obtain a license from the New Jersey DOBI to buy or collect debt. N.J. Stat. Ann. § 17:11C-3(a). A consumer lender is an entity that, among other things, "directly or indirectly [engages] . . . in the business of buying, discounting, or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amounts of $50,000 or less[.]" N.J. Stat. Ann. § 17:11C-2. Thus, as a purchaser of debt, DAP III meets the definition of consumer lender.

---

[5] In their reply brief, Defendants maintain that DAP III is exempt from the licensing requirements by virtue of New Jersey assignment law. Defs. Reply at 8-9. There is no question that "rights arising by contract are generally assignable." *Investors Bank v. Torres*, 233 A.3d 424, 432 (N.J. 2020). But the licensing requirements at issue here are statutory, not contractual. Defendant fails to identify any cases demonstrating that a statutory right is transferred through an assignment.

Plaintiff alleges that this lack of license is a violation of the FDCPA, citing to *Lopez v. Law Offices of Faloni & Associates, LLC*, No. 16-1117, 2016 WL 4820629 (D.N.J. Sept. 14, 2016) for support. Plf. Opp. at 9-10. In *Lopez*, a defendant that purchased the plaintiff's debt did not deny that it was a consumer lender under the NJCFLA, nor did it contest that did not have an appropriate license. *Lopez*, 2016 WL 4820629, at *5. The court determined that "a debt collector's representation in a collection complaint that it had the right to collect a debt when, in fact, it lacked the license required to initially purchase the debt, would violate, at minimum, FDCPA section e(10)." *Id.*; *see also Tompkins*, 2019 WL 522143, at *4 ("The Court therefore finds that the Complaint states a plausible FDCPA claim based on [the defendant's] failure to obtain a license pursuant to the consumer lender provision of the NJCFLA."). Here, Plaintiff alleges that DAP III was engaged in the consumer loan business and improperly engaged in the business without a license. Compl. ¶¶ 35-36. Plaintiff continues that the Letter violates the FDCPA because it deprived Plaintiff of truthful, non-misleading information about DAP III's ability to legally purchase and then collect the debt. *Id.* ¶ 37. The Court agrees. As *Lopez* illustrates, Unifund's representation that it was attempting to collect a debt that DAP III did not have a license to purchase may violate Section 1692e.[6] Thus, Defendants' motion is denied on these grounds.

---

[6] In their reply brief, Defendants argue for the first time that Plaintiff fails to state a claim against DAP III because Unifund actually engaged in the debt collection activity, not DAP III. Defs. Reply at 5-7. The Court will not address this argument because it was raised for the first time in Defendants' reply. *See e.g., Cobra Enters., LLC v. All Phase Servs., Inc.*, No. 20-4750, 2020 WL 2849892, at *1 (D.N.J. June 1, 2020). The Court notes, however, that in the Letter, Unifund states that DAP III currently owns the debt and Unifund "is servicing" the account on DAP III's behalf. Compl., Ex. A. Plaintiff also alleges that Unifund was acting on DAP III's behalf and that Unifund's actions were authorized by DAP III. *Id.* ¶¶ 24-25. Finally, Defendants appear to misconstrue Plaintiff's allegations. Defendants contend that there was no FDCPA violation because Unifund engaged in the collection activity and was licensed. Defs. Reply at 5. "But the legal theory underlying this action is that, because of the failure of [DAP III] to comply with the NJCFLRA, . . . any attempt to collection the alleged debt on behalf of [DAP III] misrepresents the status of the debt and [DAP III's] right to collection it." Plf. Opp. at 12.

10

### C. Section 1692g

In the Complaint, Plaintiff alleges that Defendants violated Section 1692g. Compl. ¶¶ 45, 65. Section 1692g(a) requires debt collectors to include written notice of certain rights in the initial communication or provide written notice of the rights to the debtor within five days of the initial communication. 15 U.S.C. § 1692g(a). Defendants maintain that because Plaintiff fails to allege conduct that demonstrates any violation of § 1692g(a), these claims must be dismissed. Defs. Opp. at 28. Plaintiff does not address this argument in her opposition brief. The Court agrees with Defendants and concludes that Plaintiff's Complaint fails to include sufficient allegations demonstrating that Defendants violated Section 1692g. These claims, therefore, are dismissed.

### IV. CONCLUSION

Defendants' motion to dismiss (D.E.9) is **GRANTED in part** and **DENIED in part**. Plaintiff's Complaint is dismissed without prejudice. Plaintiff shall have thirty (30) days to file an amended complaint that cures the deficiencies noted herein. If Plaintiff does not file an amended pleading within that time, the claims dismissed herein will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: March 10, 2021

*/s/ John Michael Vazquez*<br>
John Michael Vazquez, U.S.D.J